UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIMOTHY A. CRAMER,

    Plaintiff,

    v.

CITY OF OAKLAND, et al.,

    Defendants.

Case No. 19-cv-07922-PJH

**ORDER DENYING MOTION TO DISMISS**

Re: Dkt. No. 44

    The court is in receipt of defendant City of Oakland's, Oakland Police Chief Anne Kirkpatrick's, and Officer Kaleo Albino's (collectively, the "Oakland defendants") motion to dismiss under Rule 25. Dkt. 44. The court is also in receipt of the remaining defendants' joinder to that motion. Dkt. 45. The court has reviewed the parties' papers and the relevant legal authority. The motion to dismiss is suitable for decision without oral argument. The court **DENIES** that motion.

    First, contrary to the Oakland defendants' characterization, Rule 25(a)(1) does not mandate dismissal under the circumstances at hand. Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1093-94 (9th Cir. 2017). Instead, the court may (and should) exercise its discretion under Rule 6(b) to consider the merits of the belatedly filed motion to substitute deceased plaintiff's daughter, Ashley McCoy ("McCoy") (Dkt. 52). Zanowick, 850 F.3d at 1094 ("The intersection between Rules 6(b) and 25(a) usually plays out in one of two ways. First, a party misses the 90-day deadline, and seeks leave to file a late substitution. **Rule 6(b) governs these requests**.") (emphasis added).

    Second, the court finds the "good cause" and "excusable neglect" necessary under Rule 6(b)(1)(B) to justify its consideration of the belated motion for substitution. Fed. R.

Civ. Pro. 6(b)(1)(B) ("When an act may or must be done within a specified time, the court may, for **good cause**, extend the time: . . . on motion made after the time has expired if the party failed to act because of **excusable neglect**.") (emphases added).  Based on the recent filings in this action, it appears that McCoy has initiated probate proceedings in the San Francisco County Superior Court to obtain an appointment as administrator of plaintiff's estate.  Dkt. 47-3 (Probate petition signed by McCoy on January 22, 2021); Dkt. 53 at 5 (Letters of special administration signed by San Francisco County Superior Court clerk on February 18, 2021).  Thus, McCoy, who appears to be a proper party for substitution, has taken steps to secure such appointment and prosecute this action.  On that basis, the court finds good cause to consider the motion for substitution.

The court also understands the difficult circumstances posed by the pandemic this past year.  Further, the court notes that the motion for substitution was not overly delayed.  Plaintiff's counsel moved for an extension three weeks after the motion's January 14, 2021 due date and, in fact, filed the motion about a month after such date, Dkt. 52.  On these bases, the court finds the belated nature of the motion for substitution excusable.  That said, the court cautions plaintiff's counsel that it will not tolerate untimely filings going forward.

Defendants may still respond to the merits of the pending motion to substitute McCoy.  However, if they do so, they must limit their response solely to that motion.  The court will not hear further argument on the merits of the now-denied motion to dismiss.

**IT IS SO ORDERED.**

Dated: February 25, 2021

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge

2